UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BERTRAM BROWNE, et al.

                    Plaintiffs,

   - against -

NEW YORK CITY POLICE DEPARTMENT,
JOHN AND JANE DOES

                    Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER

16-CV-1726 (ILG)

GLASSER, Senior United States District Judge:

    Bertram, Esther, Krystana, and Crystal Browne, and Steve Alexander (collectively, "Plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983, alleging that the New York City Policy Department ("NYPD") and unidentified "Doe" officers ("Defendants") violated the rights afforded them by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Pending now before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. ECF 15, 16, 17. Following Plaintiffs' failure to timely respond to that motion, the Court issued an Order to Show Cause as to why the motion should not be considered fully briefed and unopposed. ECF 19. Received from the Plaintiff in response was a letter explaining that "plaintiffs oppose the dismissal of this matter; however, are unable to provide the Court with additional briefing of the issue at this time." ECF 20. With this remarkable response, the Court considers the Defendants' motion to be fully briefed and unopposed. For the reasons that follow, the motion is GRANTED.

## FACTUAL BACKGROUND

    The following facts are drawn from the Complaint, ECF 1 (hereinafter "Compl."), unless otherwise noted. On or about April 5, 2013, plaintiffs Bertram, Esther, Krystana, and Crystal

1

Browne were inside their home at 1556 Saint Marks Avenue in Brooklyn. Id. ¶ 11. At approximately 6:00am, NYPD officers "broke into" the house and "accosted and seized the plaintiffs" including restraining them "at gunpoint," and "ransack[ing]" their home prior to arresting and transporting them to an unspecified precinct. Id. ¶ 12. During the arrests, Steve Alexander arrived at the residence, was "accosted and seized" and transported to the precinct. Alexander was released from custody that same night, and the Brownes were released the following day, April 6, 2013. Id. ¶ 18. On April 10, 2013, Plaintiffs were informed that the cases against them were to be dismissed. Id. ¶ 19. On April 8, 2016, Plaintiffs filed their Complaint in this action. DE 1.

## LEGAL STANDARD

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and accepting the facts pleaded to be true, Plaintiffs must state a claim that is plausible on its face from which the Court can draw the reasonable inference that the claim has merit. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). When, as in this case, a motion to dismiss is unopposed, the failure to oppose does not, by itself, justify dismissal. McCall v. Pataki, 232 F.3d 321, 322–23 (2d Cir.2000). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Goldberg v. Danaher, 599 F.3d 181, 84 (2d Cir.2010) (citation omitted).

## DISCUSSION

Although named as a Defendant, the NYPD is a non-suable agency of the City of New York. See Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007). Plaintiffs' claims

2

against that agency are DISMISSED, and the Court considers the remaining claims only as against the Doe Defendants.

Plaintiffs do not identify any specific cause of action in their Complaint, but broadly allege violations of their constitutional rights pursuant to § 1983, which does not provide a statute of limitations. As such, courts apply the relevant statute of limitations for personal injury actions under state law in § 1983 actions. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). New York's three-year statute of limitations for unspecified personal injury actions applies to the claims herein. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Accrual of § 1983 claim occurs at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." Singleton v. City of N.Y., 632 F.2d 185, 191 (2d Cir. 1980). While Plaintiffs fail to name any specific causes of action, any claims stemming from the arrests and releases on April 5-6, 2013—such as, for example, false arrest or unlawful search— were not timely filed. A claim of malicious prosecution stemming from the events of April 10, 2013 is not available. A pre-requisite for that cause of action is the commencement of a judicial proceeding. Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010). There is no indication that the judicial process was set in motion beyond the Plaintiffs' arrest. As such, Plaintiffs' Complaint fails to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

SO ORDERED.

Dated:     Brooklyn, New York
           July 25, 2017

                              ___/s/_____
                              I. Leo Glasser
                              Senior United States District Judge

3